# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# HELENA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Cause No. CR 12-82-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| **EDWARD HENRY PRATT,** | |
| Defendant. | |

## BACKGROUND

Edward Henry Pratt moved the Court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 314.) Pratt is currently serving a sentence of 160 months for distribution of methamphetamine. (Doc. 189.) Pratt has served approximately 116 months of his sentence. (Doc. 315-3.) Pratt's scheduled release date is January 26, 2024. *See* Inmate Locator, www.bop.gov/inmateloc (accessed June 30, 2022).

Pratt is currently incarcerated at Herlong FCI. *Id.* Herlong FCI is operating at a Level 3 Modified Operational Level as a result of a nationwide surge of COVID-19 cases resulting from the Omicron variant. *See* Modified Operational Levels, www.bop.gov/coronavirus/ (accessed June 30, 2022). Herlong FCI has 0 inmates and 8 staff members currently dealing with COVID-19 and has had 459 inmates and 69 staff member COVID-19 cases throughout the course of the pandemic. *See*

COVID-19 Cases, www.bop.gov/coronavirus/ (accessed June 30, 2022).

## I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). The First Step Act amendments to 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 3582(c)(1)(A) prove especially relevant to Stephens's motion.

Where, as here, a motion for a sentence reduction is well taken, the Court may modify a term of imprisonment following a finding that "extraordinary and compelling reasons warrant such a reduction." *Id.* When deciding whether to reduce a sentence, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)–(2).

Congress has not defined those circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the Sentencing Commission to issue a policy statement in which it describes "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448.

The relevant Sentencing Commission policy statement lies in USSG § 1B1.13, titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"). Notably, the Sentencing Commission has not amended the Policy Statement since passage of the First Step Act. *See United States v. Haynes*, 456 F. Supp. 3d 496, 507 (E.D.N.Y. 2020); *Brown*, 411 F. Supp. 3d at 448. A number of district courts have noted the unlikelihood of the Sentencing Commission updating the Policy Statement in the foreseeable future, as the Sentencing Commission requires four voting Commissioners to adopt a proposed amendment, and currently has only two voting Commissioners. *See, e.g., Haynes*, 456 F. Supp. 3d at 510 n.20; *Brown*, 411 F. Supp. 3d at 449 n.1; *United States v. Cantu*, 423 F. Supp. 3d 345, 347–48 n.1 (S.D. Tex. 2019); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121, at *1 n.3 (D. Utah Feb. 18, 2020); *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Handerhan*, No. 110-CR-00298, 2019 WL 1437903, at *1 n.4 (M.D. Pa. Apr. 1, 2019).

The "Commentary" to the Policy Statement lists five "Application Notes," the terms of which evidence the Policy Statement's inapplicability to the amended § 3582(c)(1)(A). *See* USSG § 1B1.13 n.1–5. Note 1 lists those circumstances that qualify as "extraordinary and compelling," including the defendant's medical condition, age, family circumstances, and "Other Reasons." *Id.* n.1(A)–(D). The

"Other Reasons" subdivision to Note 1 provides as follows: "As determined by the Director of [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* n.1(D) (emphasis added). Notes 4 and 5 likewise "speak plainly to the BOP's exclusive gate-keeping authority pre-[First Step Act]." *Haynes*, 456 F. Supp. 3d at 508. Note 4 provides, for example, that a "reduction under the policy statement may be granted only upon motion by the Director of the [BOP] pursuant to 18 U.S.C. § 3582(c)(1)(A)." USSG § 1B1.13 n.4 (emphasis added).

The pre-First Step Act Policy Statement does not account for amendments to § 3582(c)(1)(A), namely, removal of BOP's sentinel authority over sentence reduction petitions and extension to defendants of the right directly to move for a sentence reduction. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019). The Policy Statement instead contemplates only motions filed by the BOP Director. *Id.*; *see also* USSG § 1B1.13.

When the First Step Act's amendments of § 3582(c)(1)(A) became effective, a split in authority emerged over whether the Policy Statement at USSG § 1B1.13 remained "applicable" to § 3582(c)(1)(A) motions directly filed by defendants. *See Beck*, 425 F. Supp. 3d at 579 (quoting § 3582(c)(1)(A)(i)'s requirement that a court's sentencing reduction must be "consistent" with any "applicable" policy statements);

4

*Cantu*, 423 F. Supp. 3d at 351 ("Given the changes to [§ 3582(c)(1)(A)], the policy-statement provision that was previously applicable . . . no longer fits . . . and thus does not comply with the congressional mandate that the policy statement must provide guidance on the appropriate use of sentence-modification provisions under § 3582." (emphasis in original)); *Haynes*, 456 F. Supp. 3d at 511–13 (citing "at least twelve" other federal district courts that have held the Policy Statement's "extraordinary and compelling reasons" list to be unexhaustive for defendants' direct sentence reduction motions).

The Ninth Circuit subsequently issued its decision in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). The *Aruda* decision makes clear that the Policy Statement at USSG § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 801. Where a court considers a sentence reduction motion directly filed by a defendant under the First Step Act, the substantive standards for what may qualify as extraordinary and compelling expand beyond the bounds of guidance provided in USSG § 1B1.13's Policy Statement Application Notes. *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021); *see also Haynes*, 456 F. Supp. 3d at 511–13; *Cantu*, 423 F. Supp. 3d at 350–52; *Beck*, 425 F. Supp. 3d at 578–80 (M.D.N.C. 2019); *Brown*, 411 F. Supp. 3d at 451.

Although the Policy Statement may provide helpful guidance, *see United*

5

*States v. Pratter*, 543 U.S. 220, 245 (2005), "it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." *Beck*, 425 F. Supp. 3d at 579; *see also United States v. McCoy*, 981 F.3d 271, 282 n.7 (4th Cir. 2020). The Court will look to additional considerations outside those listed in the Policy Statement to determine whether extraordinary and compelling circumstances compel a reduction in Stephens's sentence.

The sentencing guidelines provide a basis for familial circumstances that may provide grounds for a reduction in sentence. Section 1B1.13 Application Note 1(C) states that family circumstances include "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," and "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse or registered partner."

Pratt argues that extraordinary and compelling reason exist for relief. Pratt's mother, Marlys Young Running Crane, was the sole caretaker of Pratt's daughter. Young Running Crane died of metastatic breast cancer in November 2021. (Doc. 321 at 2.) Pratt's brother, Kyle After Buffalo, now care for Pratt's daughter. After Buffalo works as a professional truck driver. (Doc. 321-1 at 2.) After Buffalo left her home in New Mexico to care for her mother, Young Running Crane, and Pratt's daughter. *Id.* After Buffalo's own family remains in New Mexico. After Buffalo has

survived on unemployment checks during her time in Montana as he cannot work as a truck driver and care for Pratt's daughter. *Id.*

## II. Whether Pratt has Demonstrated Extraordinary and Compelling Reasons

Despite the Court's determination that it has discretion to provide relief, Pratt still must demonstrate that extraordinary and compelling reasons support a reduction of her sentence. *Maumau*, 2020 WL 806121, at *5. Pratt has cited in support of her motion the COVID-19 pandemic and the urgent need to care for his daughter following his mother's death in November 2021. (Doc. 321 at 2.)

The Court determines that extraordinary and compelling reasons exist to reduce Pratt's sentence, but not to grant Pratt motion for compassionate release effective immediately. The Court determines that Pratt has not demonstrated an extraordinary and compelling need for her immediate release with respect to the need to provide care to her daughter. With respect to Pratt's concerns regarding the COVID-19 pandemic, the Court consistently has noted that correctional facilities create a high-risk environment for the spread of COVID-19, which poses a particular danger to prisoners with pre-existing conditions. *See For People Living in Prisons and Jails*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/living-prisons-jails.html (Accessed Feb. 24, 2022).

Reducing Pratt's sentence to 145 months comports with the 3553(a)

sentencing factors. Pratt was a criminal history category VI. (Doc. 191 at ¶ 70.) Pratt's total offense level was calculated to be 31 based largely on the quantity of methamphetamine. *Id.*, at ¶ 48. The Court has applied similar sentences to Pratt's reduced sentence where the defendant has prior felony drug offenses and has plead guilty to distribution of methamphetamine in quantities similar to Pratt. *See, e.g.*, *United States v. Rider*, 4:13-CR-74-BMM-2, Doc. 65 (120 months); *United States v. Patton*, 4:13-CR-104-BMM-1, Doc. 30 (125 months); *United States v. Hill*, 4:21-CR-19-BMM-1, Doc. 41 (136 months).

Accordingly, **IT IS ORDERED**:

Pratt's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is **GRANTED, IN PART, AND DENIED, IN PART**. The Court reduces Pratt's sentence to 145 months.

DATED the 30th day of June, 2022.

_____
Brian Morris, Chief District Judge
United States District Court